UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Karen Moore, | ) C/A No.: 2:13-3033-RMG-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Judge Kristi Lea Harrington; | ) Report and Recommendation |
| Caroline Leonard; | ) |
| Bonnie L. Campbell; | ) |
| JC Nicholson, Jr.; and | ) |
| Charleston County, | ) |
| | ) |
| Defendant(s). | |

Plaintiff files this matter, pro se, pursuant to 42 U.S.C. §1983 against two South Carolina state court judges, two employees of the Charleston County Clerk of Court's office, and Charleston County. Plaintiff alleges her "First Amendment right to bring a grievance to the government" has been violated. According to the Complaint, Plaintiff was "thrown out of court" because she did not have an attorney. She also alleges her court case was delayed beyond the usual time for cases to be heard. Specifically, she claims the "average appeal is heard in 3 to 6 months." Plaintiff claims her case has not been heard, and states that although she "entered" her appeal a year ago, it has not been put on the court docket. She also claims she has been given the "run around" by Defendants Leonard and Campbell which has kept her from "bringing [her] petitions to the government."

Plaintiff further alleges that Defendant Judge Nicholson "did not respect my rights under the law in court in that he didn't address me or acknowledge my rights as a pro se litigant, even though the law allows for it. He continued to refer to me as Mrs. Moore, but not Miss Moore." Plaintiff also complains that Defendant Nicholson conferred with opposing counsel as to whether or not the

1



Plaintiff was competent to proceed. "He sneered at me concerning the appeal having to be heard first, as though I worked in the clerk's office. He then said a letter would be sent.... They sent me ... court dates for motions and not the appeal."

As for Defendant Judge Harrington, Plaintiff claims she refused to hear her because she was not an attorney. Plaintiff alleges this was "a direct violation of [her] first amendment right to petition the government."

In her prayer for relief, Plaintiff seeks "non-redacted copies of court cases heard by both [Defendant] Harrington and [Defendant] Nicholson" be obtained and entered into evidence. She also asks that "the information" be forwarded to the Department of Justice for possible criminal violations including treason..." She further asks that Defendants Harrington and Nicholson be removed from the bench until "such time a trial can be heard." She also seeks money damages.

Plaintiff has also filed a supplemental pleading that seems to allege Defendant Harrington "took" a case that was assigned to another judge (not a defendant). Plaintiff claims she asked Defendant Harrington to withdraw but she refused "and forced Res Judicata to attach to my appeal." Plaintiff states this was meant to punish her for not having an attorney speak on her behalf. Plaintiff also alleges Defendant Harrington was trying to "prevent a federal case I have pending against the plaintiff of the case she was presiding over to have advantage over me. " Plaintiff requests court fees and $850.00 be awarded for these actions.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The complaint herein has been filed pursuant to § 1915, which permits an indigent litigant



to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute also allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989). Further, although this court is also required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

     First, as an initial matter, Defendants Nicholson and Harrington, who are both state court judges, are absolutely immune from a suit for damages based on their judicial actions. *See* Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); and Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also* Siegert v. Gilley, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); Burns v. Reed, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); and Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). Therefore, these two individuals are



3

entitled to dismissal as party Defendants.

Additionally, if Plaintiff is unhappy with the rulings made by one or more judges, her remedy is an appeal to the appropriate state appellate court, not a separate lawsuit in federal court. Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by state courts. *See* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983), where the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. *See also* Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). This prohibition on review of state court proceedings or judgments by federal district courts is commonly referred to as the Rooker-Feldman doctrine or the Feldman-Rooker doctrine. In Safety-Kleen, Inc. v. Wyche, 274 F.3d 846, (4th Cir. 2001), the court noted that "[t]he Rooker-Feldman doctrine holds that 'lower federal courts generally do not have [subject-matter] jurisdiction to review state-court decisions', Plyler v. Moore, 129 F.3d 728, 731 (4th Cir.1997), and precludes 'review of adjudications of the state's highest court [and] also the decisions of its lower courts.' Jordahl v. Democratic Party, 122 F.3d 192, 199 (4th Cir.1997).

The Rooker-Feldman bar extends not only to issues actually decided by a state court but also to those that are 'inextricably intertwined with questions ruled upon by a state court.' Plyler, 129 F.3d at 731 (4th Cir.1997) (internal quotation marks omitted). A federal claim is 'inextricably intertwined' with a state court decision if 'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'; *Id*. (internal quotation marks omitted)," Safety-Kleen, Inc., 274 F.3d at 857-58; and includes constitutional challenges. *See* Curley v. Adams Creek Associates, No. 10-1465, 409 Fed. Appx. 678 (4th Cir. January 28, 2011)(the "doctrine

4



establishes that a federal district court lacks jurisdiction over a litigant's challenge to a state court decision, including allegations that the state court's action was unconstitutional"). Therefore, this Court may not review the decisions of a state court judge for the foregoing reasons. All of the other allegations pertaining to the Defendant judges involve their alleged behavior, such as Defendant Nicholson referring to Plaintiff as Mrs. Moore, not Miss Moore, "sneering" at Plaintiff, and conferred with opposing counsel as to whether or not the Plaintiff was competent to proceed. This Court does not have any authority to review the alleged demeanor of state court judges, and also cannot initiate a criminal investigation or "remove them from the bench." Plaintiff's remedy lies elsewhere.

As for Plaintiff's suit against Defendants Leonard and Campbell, these Defendants are personnel with the Charleston County Clerk of Court. Plaintiff alleges her court case was delayed beyond the usual time for cases to be heard, and that although she "entered" her appeal a year ago, it has not been put on the court docket. Plaintiff claims she has received the "run around" from Defendants Leonard and Campbell which has kept her from "bringing [her] petitions to the government." However, the doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" See Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992). Therefore, these Defendants are entitled to dismissal because of their immunity from suit. Further, even if Defendants Leonard and Campbell were not entitled to quasi judicial immunity, Plaintiff's bare allegations against these Defendants do not state a claim upon which relief may be granted, as unsupported and generalized allegations concerning time frames for the disposition of cases, which are generally determined by actions of the litigants and the court, as well as assumptions about a

5



Defendant's state of mind, are insufficient to support a cause of action against these Defendants. Cf. Lee X v. Casey, 771 F. Supp. 725 (E.D.Va. 1991)(dismissing claim where Plaintiff failed to show deputy clerk of court deprived him of his right of access to the courts).

Finally, Plaintiff fails to state a cause of action against Charleston County. Plaintiff does not allege, and has not established, that the County has a policy or custom of deflecting or deferring pleadings submitted to the Clerk of Court. To the contrary, Plaintiff specifically alleges that her pleadings have been handled differently from all others, clearly showing that no policy or custom of the County has been implicated. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978)(county or other municipality may have 1983 liability if a "policy" of discrimination is alleged *but* municipalities are liable under § 1983 only for violations of federal law that occur pursuant to official governmental policy or custom). See also Los Angeles County v. Humphries, 131 S.Ct. 447 (2010) (local governing bodies can only be sued directly under §1983, regardless of relief sought, where the action that is alleged to be unconstitutional implements or executes a policy or custom). Therefore, the County of Charleston is also entitled to dismissal as a party Defendant.

### Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

_____
Bristow Marchant
United States Magistrate Judge

December 19, 2013
Charleston, South Carolina

***The Plaintiff's attention is directed to the important NOTICE on the following page.***



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

